**The Law Offices of Jeffrey Lohman, P.C.**
Ibrahim Muhtaseb – Bar # 299472
4740 Green River Road
Suite 219
Corona, CA 92880
(657) 363-3331
(657) 246-1311 - fax
Email: IbrahimM@jlohman.com
Attorneys for Plaintiff,
DANNY PYATT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| DANNY PYATT,　　　　　　　　　　　　　　　） | **Case No.:** |
| 　　　　　　　　　　　　　　　　　　　　） | |
| 　　　　　　　　　　　　Plaintiff,　　　） | **COMPLAINT and JURY DEMAND** |
| 　　　　　　　　vs.　　　　　　　　　　　） | **(Unlawful Debt Collection Practices)** |
| 　　　　　　　　　　　　　　　　　　　　） | |
| CAPITAL ONE, N.A.,　　　　　　　　　　） | |
| 　　　　　　　　　　　　　　　　　　　　） | |
| 　　　　　　　　　　　　Defendant.　　） | |
| 　　　　　　　　　　　　　　　　　　　　） | |
| ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿） | |

## <u>COMPLAINT</u>

DANNY PYATT (Plaintiff), by his attorneys, alleges the following against

CAPITAL ONE, N.A., (Defendant):

1. Plaintiff brings this action on behalf of himself individually seeking

   damages and any other available legal or equitable remedies resulting from

- 1 -

the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq* and in violation of California's Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), Ca Civ. Code § 1788.17.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

4. Plaintiff is a natural person residing in Alameda County, in the city of Oakland, California.

- 2 -

PLAINTIFF'S COMPLAINT

5. Defendant is a Virginia corporation doing business in the State of California with its principal place of business located in McLean, Virginia.

6. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (510) 719-18XX.

10. Defendant places collection calls to Plaintiff from phone numbers including, but not limited to (800) 955-6600 and (855) 620-2825.

11. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a) (1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, DANNY PYATT.

PLAINTIFF'S COMPLAINT

13. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

15. On May 12, 2016, at or around 2:20 p.m. Pacific Standard Time, Plaintiff called into Defendant's company at phone number (855) 620-2825. Plaintiff spoke with Defendant's female representative ("Rolanda") and requested that Defendant cease calling Plaintiff's cellular phone.

16. During the conversation on May 12, 2016, Plaintiff gave Defendant both his phone number and social security number to assist Defendant in accessing his account before asking Defendant to stop calling his cell phone.

17. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on May 12, 2016.

18. Despite Plaintiff's request to cease, Defendant placed another two (2) collection calls to Plaintiff on May 13, 2016.

19. Defendant continued to place collection calls to Plaintiff through August 2, 2016.

PLAINTIFF'S COMPLAINT

20. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one hundred and thirty-four (134) automated calls to Plaintiff's cell phone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

23. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-24.

PLAINTIFF'S COMPLAINT

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CA CIV CODE § 1788.17

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30. Defendant violated the RFDCPA based on the following:

   a.  Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

///

- 6 -

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DANNY PYATT, respectfully requests judgment be entered against Defendant, CAPITAL ONE, N.A., for the following:

**FIRST CAUSE OF ACTION**

31. For statutory damages of $500.00 multiplied by the number of negligent violations of the TCPA alleged herein (134); $67,000.00;

32. Actual damages and compensatory damages according to proof at time of trial;

**SECOND CAUSE OF ACTION**

33. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations of TCPA alleged herein (134); $201,000.00;

34. Actual damages and compensatory damages according to proof at time of trial;

**THIRD CAUSE OF ACTION**

35. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act;

36. Statutory damages of $1000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*;

37. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ Code § 1788.30(c)*, and;

- 7 -

38. Actual damages and compensatory damages according to proof at time of trial;

## ON ALL CAUSES OF ACTION

39. Actual damages and compensatory damages according to proof at time of trial;

40. Costs and reasonable attorneys' fees, and;

41. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

42. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

DATED:  March 31, 2017

**THE LAW OFFICE OF JEFFREY LOHMAN, P.C.**

By:  */s/ Ibrahim Muhtaseb*
IBRAHIM MUHTASEB

Attorney for Plaintiff
Email: IbrahimM@jlohman.com

- 8 -